IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LEGACY RECORD, INC.,

                        Plaintiff,

            v.

LOUIS VINCENT MBULLO,
TUNESCAPE LIMITED, ZIIKI
HOLDINGS PVT. LTD., and JOHN
DOES 1-50,

                        Defendants.

8:23CV519

ORDER

Plaintiff Legacy Record, Inc. ("Legacy"), brought this lawsuit (Filing No. 1) on November 20, 2023, against defendants Louis Vincent Mbullo ("Mbullo"), Tunescape Limited ("Tunescape"), and Ziiki Holdings Pvt. Ltd. ("Ziiki" and together, the "defendants") claiming they distributed certain music in violation of Legacy's recording agreement with Mbullo. The defendants have yet to enter an appearance in this matter, though each of them was purportedly either served or waived service upon receiving a copy of the complaint (Filing Nos. 10, 11, 12). *See* Fed. R. Civ. P. 4(d). Given that, the Clerk of Court entered default (Filing Nos. 16, 18) against Mbullo, Tunescape, and Ziiki on May 21, 2024, on Legacy's motions (Filing Nos. 14, 15, 17). *See* Fed. R. Civ. P. 55(a); NECivR 55.1(a).

On August 16, 2024, Legacy moved for default judgment as to liability against the defendants (Filing No. 21). *See* Fed. R. Civ. P. 55(b)(2); NECivR 55.1(c). The Court granted that motion in part and denied it in part (Filing No. 23). In a Memorandum and Order dated October 15, 2024, the Court explained that decision, including its concern that Legacy had not established a basis for exercising personal jurisdiction over Tunescape and Ziiki. Ultimately, the Court concluded default judgment was appropriate

as to Legacy's claims against Mbullo for breach of contract and for an accounting. Mbullo was ordered to provide a full accounting on or before November 15, 2024.

The Court did not hear anything from the parties for the following two months. On December 16, 2024, the magistrate judge entered an Order to Show Cause (Filing No. 24) ordering Legacy to take further action on its claims against Mbullo, Tunescape, Ziiki, and the unnamed Doe defendants, or otherwise show cause why they should not be dismissed for want of prosecution. *See* Fed. R. Civ. P. 41(b); NECivR 41.2. Legacy then filed its pending Motion for Permanent Injunction against Mbullo (Filing No. 25) and responded to the Order to Show Cause (Filing No. 26). The Court finds those actions satisfy the Order to Show Cause, which will therefore be dissolved.

On March 10, 2025, the Court scheduled a hearing on Legacy's motion and notified Mbullo. In preparation for that hearing, the Court realized that copies of its Memorandum and Order ruling on Legacy's Motion for Default Judgment had not been mailed to the defendants. Those copies will now be sent, and Mbullo will be given another thirty days to provide a full accounting to Legacy. In light of the foregoing,

IT IS ORDERED:

1.  The Clerk of Court shall send copies of this Order along with the Court's October 15, 2024, Memorandum and Order (Filing No. 23) to defendants Louis Vincent Mbullo, Tunescape Limited, and Ziiki Holdings Pvt. Ltd. at the addresses provided to the Court.

2.  On or before May 19, 2025, Mbullo must provide a full accounting of all business transactions and activities related to his services and career governed by his agreement with plaintiff Legacy Record, Inc. That accounting shall include all accounts receivable and payable, all bank account statements, all ledgers or other records indicating receipts and expenses, all bills or invoices, and all other financial information that will allow for a full accounting of the potential amount owed to Legacy in this matter.

3.  The Order to Show Cause (Filing No. 20) is dissolved.

2

Dated this 17th day of April 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge