IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEGACY RECORD, INC., | |
| Plaintiff, | **8:23CV519** |
| v. | |
| LOUIS VINCENT MBULLO, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This case arises from the breach of a recording agreement between plaintiff Legacy Record, Inc. ("Legacy") and defendant Louis Vincent Mbullo ("Mbullo"). The Court held an in-person damages hearing on September 4, 2025. Counsel for Legacy appeared in person. Mbullo did not appear or otherwise respond. For the following reasons, the Court awards Legacy $18,270.69 in damages.

## I.    BACKGROUND

The Court's prior orders fully lay out the background facts of this case (Filing Nos. 23, 32). Briefly, Legacy is a music production and distribution company based in Omaha, Nebraska. Mbullo is a recording artist based in Tanzania who releases music under the stage name "Loui." Legacy brought an action against Mbullo and since-removed defendants Tunescape Limited ("Tunescape") and Ziiki Holdings Pvt. Ltd. ("Ziiki") on November 20, 2023 (Filing No. 1). Its claims center around Legacy's recording agreement with Mbullo. Under the agreement, Legacy owns all Mbullo's recordings and has the "exclusive right to use and exploit [his] name and likeness."

Legacy claims Mbullo breached the agreement in multiple ways, including by releasing music with third-party record labels and artists. That music includes songs featuring Loui as a guest artist or collaborator, like "Raha Sana" by T Swiga featuring Loui, "Gimi" by DJ Seven Worldwide and Loui, "Superstar" by Loui and DJ Awakening, and

"I'm ready" by Salmin Swaggz featuring Loui.  Legacy also asserts Loui released four other unauthorized songs entitled "Wet," "Fililmbi," "Tight," and "Nikilewa," through Tunescape and Ziiki.

To date, none of the defendants have made an appearance in this matter or otherwise responded to Legacy's complaint.  On May 20 and 21, 2024, Legacy filed motions requesting the Clerk of Court enter default against the defendants pursuant to Federal Rule of Civil Procedure 55(a) and Nebraska Civil Rule 55.1(a) (Filing Nos. 14, 15, 17).  On May 21, 2024, the Clerk entered default against Tunescape and Ziiki (Filing Nos. 16), and against Mbullo (Filing No. 18).

On October 15, 2024, the Court granted Legacy's Motion for Default Judgment as to Liability (Filing No. 21) in part, concluding default judgment was appropriate regarding Legacy's claims against Mbullo for breach of contract and for an accounting (Filing No. 23).  *See* Fed. R. Civ. P. 55(b)(2); NECivR 55.1(c).  The Court denied for lack of personal jurisdiction, however, Legacy's request for default judgment against defendants Tunescape and Ziiki.  The Court then ordered Mbullo to provide a full accounting of all business transactions and activities related to his services and career under his agreement with Legacy by November 15, 2024.  That accounting was to include all accounts receivable and payable, bank-account statements, ledgers or other records indicating receipts and expenses, bills or invoices, and all other financial information needed to calculate the amount owed to Legacy.  The Court then extended the date for Mbullo to comply with the ordered accounting to May 19, 2025 (Filing No. 30).  Unsurprisingly, Mbullo did not comply with the accounting order or attend the damages hearing.

In light of the entries of default in this case, the Court accepts Legacy's well-pleaded factual allegations as true, except those relating to the amount of damages.  *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).  Thus, the only matter left before the Court is a determination of Legacy's damages.

## II.    DISCUSSION

When a default judgment is entered on a claim for an "indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (citing *Thomson v. Wooster*, 114 U.S. 104, 111 (1885)); Fed. R. Civ. P. 8(b)(6); *see also* 10A Charles A. Wright et al., Federal Practice & Procedure § 2688 (3d ed. 1998).  It is a common practice for courts to enter a default judgment as to liability before holding a hearing on damages. *See*, *e.g.*, *Cutcliff v. Reuter*, 791 F.3d 875, 879 (8th Cir. 2015) (noting that the district court granted, and the clerk entered, an order of default without ordering damages at that time); *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).  Legacy has the burden of proving its damages "to a reasonable degree of certainty."  *Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001).

At the damages hearing, counsel for Legacy stated that Mbullo has mostly complied with the recording agreement since this lawsuit began.  Nevertheless, instead of providing a full accounting, Mbullo provided Legacy with an excel spreadsheet.  Ziiki, which distributed four of the songs at issue, had originally sent this spreadsheet to Mbullo via email.  The spreadsheet purported to respond to the Court's order for an accounting of the amount owed to Legacy.

Legacy argued during the hearing that the spreadsheet was not timely submitted, and did not include all the financial information ordered by the Court.  Legacy further alleged the spreadsheet lacked sources and any details tying the supposed revenue to the songs.  Moreover, it's unclear whether Ziiki's calculations were based on gross amounts received or included market share, mechanical royalties, and neighboring-rights income.

3

As such, Legacy argued that Ziiki's report provided little credibility for the numbers that it asserted.

The spreadsheet also lists currency in Tanzanian Shillings. Legacy alleges that the conversion rate is one U.S. dollar per 0.0004 Tanzanian Shilling. Applying that conversion rate, the spreadsheet accounts for $698.50 in revenue from March 2023 to December 2024. Legacy strongly disputed this estimate at the hearing.

During the hearing, Legacy's counsel submitted he had extensive experience in music-related transactions and lawsuits. He entered into evidence publicly available documentation on the calculation of music royalties from third-party websites and the eight Loui songs created and distributed in violation of Mbullo's agreement with Legacy. These include YouTube video links for the songs, Spotify links, and streaming data as provided on Songstats. The Court finds that Legacy laid sufficient foundation for the admission of its evidence and that the evidence provides, under these circumstances, a fair, supportable and conservative calculation of damages.

Only three of the songs are currently available on streaming platforms, according to Songstats. The remaining five songs have no available streaming data on Songstats or any other platform. During the damages hearing, Legacy's counsel explained how Legacy's projected revenue is based on online streaming, YouTube views, and utilized TikTok sounds multiplied by their respective royalty rates.

At the hearing, Legacy presented evidence from various third-party platforms to establish the royalty rates applicable in this case. According to Legacy, the average royalty for streaming services is that of Spotify, which is $0.00318 per stream. YouTube videos have their own separate royalty rate at around $0.01 to $0.03 per view. YouTube also takes 45% of revenue, however, reducing the pay to $0.0165 on the high end and $0.0055 on the low end. Finally, Legacy claims that TikTok pays musicians $0.03 for each video that uses their music in a short clip.

4

Applying Legacy's revenue formula to the available data yields an estimated revenue of approximately $20,282.07 on the high end, and $18,270.69 on the low end.[1] Legacy's calculation is based on a combined 5,423,956 streaming impressions at an average rate of $0.00318 per stream ($17,248.17), 182,852 YouTube views at $0.0055 per view on the lower end ($1,005.69), and 561 TikTok uses at $0.03 per use ($16.83). This estimate represents a fair and reasonable projection of earnings from the exploitation of the songs. Based on the foregoing,

IT IS ORDERED:

1.  Plaintiff Legacy Record, Inc. is awarded $18,270.69 in damages against defendant Louis Vincent Mbullo.

2.  A separate, final judgment in accordance with this Order and the Court's prior Order (Filing No. 23) will issue.

Dated this 30th day of September 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[1] Legacy's "Damages Methodology" chart calculated $18,270.70 on the low end. Similarly, the sum of Legacy's breakdown of streams per song in the chart amounts to 5,423,954 streams whereas their projected "total" notes 5,423,956 streams. The Court assumes these are scrivener's errors or differences in rounding.